MICHAEL GENDE, Plaintiff-Appellee, *v.* GUARANTEE TRUST LIFE INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 79-631

Judgment affirmed.

Opinion filed May 5, 1980.

Roy I. Peregrine and Dale W. Bruckner, both of Peregrine, Stime & Newman, Ltd., of Wheaton, for appellant.

Donald Truckenbrod, of McHenry, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

Guarantee Trust Life Insurance Company (hereinafter referred to as Guarantee Trust) appeals from the judgment of the trial court awarding the plaintiff $1,056 in damages. Guarantee Trust issued a student accident insurance policy to the McHenry Community High School District No. 156. Michael Gende was a student at the McHenry Community High School, and through the school he enrolled in said plan and paid a premium for insurance for the 1976-77 school year. However, he did not receive an individual certificate of insurance nor was the school furnished an individual certificate for Michael Gende. The master policy issued to the school district promised to pay for losses resulting from injury to any "Insured Person * * * provided such injury is sustained by the Insured Person: (a) While participating as a member of an athletic team of the Policyholder in a regularly scheduled and approved practice session or game of the Covered Athletic Program." The definition of "Insured Person" is "any team member who is insured under this policy."

Michael Gende was injured in the mouth while playing football on the school grounds in an authorized school activity. The policy covered "[a]ccident medical expenses incurred within 52 weeks from date of injury." Gende submitted a claim for $670 for dental work within that period, which was paid. Subsequently, as a result of the same injury, Michael Gende incurred additional bills amounting to $1,056 for dental services rendered April 28 and June 16, 1978. These charges were incurred and the claims filed more than 52 weeks after the injury in question and Guarantee Trust declined payment on the ground that the later charge of $1,056 was not actually incurred within 52 weeks after the

injury. Gende contended this provision was not enforceable because he was not so advised since Guarantee Trust had not furnished him an individual certificate of insurance and he was not aware of this limitation.

In an action brought by Michael Gende under a stipulation of facts the trial court held that Guarantee Trust by failing to furnish an individual insurance certificate to the student had violated section 367(2)(b) and section 367(5) of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, pars. 979(2)(b) and 979(5)). Section 367(2)(b) reads as follows:

"(2) Any insurance company authorized to write accident and health insurance in this State shall have power to issue group accident and health policies. No policy of group accident and health insurance may be issued or delivered in this State unless a copy of the form thereof shall have been filed with the department and approved by it in accordance with Section 355, and it contains in substance those provisions contained in Section 357a as may be applicable to group accident and health insurance and the following provisions:

\* \* \*

(b) A provision that the insurer will issue to the employer, or to the executive officer or trustee of the association, for delivery to the employee, member or employee of a member, who is insured under such policy, an individual certificate setting forth a statement as to the insurance protection to which he is entitled and to whom payable."

Section 367(5) of the Insurance Code reads as follows:

"(5) Special group policies may be issued to school districts providing medical or hospital service, or both, for pupils of the district injured while participating in any athletic activity under the jurisdiction of or sponsored or controlled by the district or the authorities of any school thereof. The provisions of this Section governing the insurance of group accident and health insurance shall, insofar as applicable, control the issuance of such policies issued to schools."

The trial court, therefore, gave judgment against Guarantee Trust for the dental bills subsequent to the 52-week period. In this appeal Guarantee Trust contends that the plaintiff has cited the wrong section of the Insurance Code and that the applicable sections are 367a(1)(c) and 367a(3), reading as follows:

"(1) Blanket accident and health insurance is that form of accident and health insurance covering special groups of persons as enumerated in one of the following paragraphs (a) to (g), inclusive:

* * *

(c) Under a policy or contract issued to a college, school, or other institution of learning or to the head or principal thereof, who or which shall be deemed the policyholder, covering students or teachers.

* * *

(3) An individual application shall not be required from a person covered under a blanket accident or health policy or contract, nor shall it be necessary for the insurer to furnish each person a certificate."

Section 367 relates to "group" accident and health insurance, and section 367a relates to "blanket" accident and health insurance and defines it as "that form of accident and health insurance covering special groups of persons as enumerated in one of the following paragraph (a) to (g), inclusive." Subparagraph (c) is cited above.

The defendant contends the insurance provided to Michael Gende came under this category and therefore is "blanket" insurance and subject to subsection (3) of section 367a which is cited above. Guarantee Trust argues that their policy is blanket insurance, rather than group insurance, because the language of section 367a is more nearly appropriate to the actual situation which occurred here. It points out that actually section 367 is oriented toward a group policy for employees since section 367, in defining group insurance thereunder, states:

"(1) Group accident and health insurance is hereby declared to be that form of accident and health insurance covering not less than 10 employees, members, or employees of members, (except in case of volunteer fire departments the number shall not be less than 5 members) written under a master policy issued to any governmental corporation, unit, agency or department thereof, * * *." (Ill. Rev. Stat. 1977, ch. 73, par. 979(1).)

This would seem to define group accident and health insurance as intended for persons who are in the category of employees, as Guarantee Trust contends.

Gende, however, points to subsection (5) of section 367, a subsequent amendment cited above, which specifically covers persons injured while participating in any athletic activity. This subsection, Gende contends, since it specifically relates to coverage for injuries suffered in athletic activities sponsored or controlled by a school district, comes closer to describing the actual situation involved here than does the more general language of section 367a(1)(c).

Guarantee Trust argues that the requirement of an individual certificate stated in section 367(2)(b) does not apply to subsection (5) of section 367, which was added later to cover schools, since the provisions

of section 367 governing the issuance of group and health insurance only control the issuance of such policies issued to schools "insofar as applicable" and that the particular requirement of an individual certificate was oriented toward the various employee groups section 367 was originally designed to cover. It contends that in amending the statute by adding subsection (5) it was not intended to make the requirement of an individual certificate applicable to school students. Guarantee Trust argues with some force that (a) it is logical to distinguish between the requirements of employee coverage and student coverage since *employees* of a group may be regarded as more stable and enduring, as well as more individually responsible than the ordinary school student body, and (b) to require individual certificates for schools under section 367(2)(b) and section 367(5) and to expressly dispense with such certificates under section 367a(3) is inconsistent and the logical interpretation in that individual certificates are not needed for school students generally, whether insured under section 367 as "group" insurance or under section 367a as "blanket" insurance.

Gende argues, however, that there is a logical distinction between section 367(5) and section 367a(1)(c) in that the former is specifically directed toward athletic activities of schools and obviously there is more likelihood of injury and of need for precise knowledge as to the insurance coverage for students engaging in school athletics such as games sponsored by the district, than for the average high school student who does not engage in any regular athletic games or practice sessions. Therefore, he says, the distinction between section 367(2)(b) and (5) and section 367a(1)(c) is quite logical and the policy of not requiring certificates under section 367a is no dispensation under section 367(2)(b) and (5).

In considering the two statutes involved here we do not think it is necessary to make any analysis as to the significant differences between "group" and "blanket" insurance coverage. What we are concerned with is to determine which statute—section 367 or section 367a—by its language and logical intent applies to the concrete situation of this case. While an argument can be made for either side on the basis of abstract logic we are inclined to be guided in this case by the rule of statutory construction which is particular and specific rather than that which is general in its language, where there is a possible conflict. (*Natural Products Co. v. County of Du Page* (1924), 314 Ill. 74.) Guarantee Trust's application for insurance is designated "Application for Sports Policy." The only coverage provided thereunder is for injuries suffered in a particular sport designated for coverage by the school district—each sport being specifically named and rated, such as football, basketball,

wrestling, swimming, tennis, etc., with a specific rate for each sport. The policy covers only injuries received while engaging in such sport "[w]hile participating as a member of an athletic team of the Policyholder [the school district] in a regularly scheduled and approved practice session or game of the Covered Athletic Program named in the application * * *." Comparing this intended coverage with the two statutes in question we find that section 367(5) speaks of "special group policies * * * issued to school districts providing medical or hospital service, or both, for pupils of the district injured while participating in any athletic activity under the jurisdiction of or sponsored or controlled by the district or the authorities of any school thereof." Obviously, this section of the statute is specifically oriented toward athletic activities. On the other hand, the section relied on by Guarantee Trust—section 367a(1)(c)—refers to coverage "[u]nder a policy or contract issued to a college, school, or other institution of learning or to the head or principal thereof, who or which shall be deemed the policyholder, covering students or teachers." It is clear that this language does not restrict coverage to athletic activities or even to students. It provides for a policy, general in nature, which gives accident and health insurance to all students and teachers at a school or college and is not limited either as to the persons covered or the cause of injury. Presumably, an elderly teacher would have coverage under such a policy for a fracture from a fall on the school steps.

■■ Since this type of policy is more general, there is not much need for an individual certificate to describe the coverage or the conditions thereof and we see no logical inconsistency in requiring the certificates under the first form of insurance and dispensing with them on the second. The limited kind of coverage afforded in the policy in this case seems compatible with section 367(5) but not consistent with the general language of section 367a(1)(c) or any other subparagraphs describing the coverages thereunder. With the language of section 367(5) and section 367(2)(b) so clearly oriented toward the actual football injury which occurred here, we think it is clearly the more pertinent statute. It is true, as pointed out by Guarantee Trust that section 367(5) does not specifically require that an individual certificate be furnished. However, in view of the practical need for such a certificate with narrowly limited coverage and the reference in subparagraph (5) to the preceding provisions of section 367, we think the requirement specified in section 367(2)(b) of that section is to be taken as included in section 367(5).

■ We hold, therefore, that section 367 is the applicable statute and that under section 367(2)(b) and section 367(5) of the Insurance Code, Guarantee Trust was required to furnish an individual certificate. Its failure to do so waived the 52-week limitation invoked by it and entitled

the plaintiff to be paid for the otherwise covered dental expense incurred after that date.

The judgment of the circuit court of McHenry County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and NASH, J., concur.